# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | RUBÉN CASTILLO | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1461 | **DATE** | April 11, 2008 |
| **CASE TITLE** | Scott Hildreth (#2007-0028801) vs. John Stroger, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#8] is granted. The court authorizes and orders Cook County Jail officials to deduct $3.00 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to Elizabeth Hudson, Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. However, summonses shall not issue at this time. The plaintiff's motion for appointment of counsel [#3] is granted. The court appoints Sean Gallagher of Bartlit, Beck, Herman, Palenchar & Scott, LLP, 54 West Hubbard, Suite 300, Chicago, Illinois 60610, (312) 494-4400 to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37. The complaint on file is dismissed without prejudice to appointed counsel filing an amended complaint within 60 days if the amended complaint comports with appointed counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure.

■ **[For further details see text below.]**  **Docketing to mail notices.**

## STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, county officials, correctional officials, and jail health care providers, have violated the plaintiff's constitutional rights by acting with deliberate indifference to his serious medical needs. More specifically, the plaintiff alleges that his health has deteriorated because he is being denied treatment and prescribed medication for his Parkinson's Disease.

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $3.00. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th **(CONTINUED)**

mjm

**STATEMENT (continued)**

Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting the plaintiff's factual allegations as true, the court finds that the complaint states a colorable cause of action under the Civil Rights Act. The Due Process Clause prohibits deliberate indifference to the serious medical needs of a pretrial detainee. *Chapman v. Keltner*, 241 F. 3d 842, 845 (7th Cir. 2001)*; Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999). The subjective element of deliberate indifference encompasses such conduct such as the refusal to provide medication prescribed by doctor, *Ralston v. McGovern*, 167 F.3d 1160, 1162 (7th Cir. 1999), or erroneous treatment based on a substantial departure from accepted medical judgment, practice, or standards. *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996).

Due to the serious nature of the plaintiff's allegations, the court hereby appoints Sean Gallagher / Bartlit, Beck, Herman, Palenchar & Scott, LLP / 54 West Hubbard, Suite 300 / Chicago, Illinois 60610 / (312) 494-4400 to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37. After investigation, appointed counsel should file an amended complaint within sixty days if such amendment comports with counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure. If counsel is unable to file an amended complaint, he should so inform the court.

As a final concern, the court notes that the plaintiff made a material omission to the court. The court's civil rights complaint form instructed the plaintiff to "List ALL lawsuits you . . . have filed in any state or federal court (including the Central and Southern Districts of Illinois)." (Complaint, p. 3, emphasis in original.) The form goes on to direct, "IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS. . . . REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE." (*Id.*)

Despite the court's admonition, the plaintiff noted only one pending federal case, failing to mention at least two others brought during a prior incarceration, including one which constitutes a "strike" against him under 28 U.S.C. § 1915(g). *See Hildreth v. Moran*, Case No. 96 C 2374 (N.D. Ill.). The plaintiff's effective "fraud" on the court justifies "immediate termination of the suit." *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

Because the plaintiff's previous dismissals do not affect his eligibility to proceed *in forma pauperis* in this case, the court will grant the plaintiff the benefit of the doubt and assume that his omissions were due to accidental oversight. Nevertheless, the plaintiff is cautioned that in signing court filings, he is representing that the statements she makes are true to the best of his knowledge. *See* FED. R. CIV. P. 11. Before submitting any motions or pleadings to the court, the plaintiff should therefore review the documents carefully to ensure that they are complete and accurate. Future misrepresentations to the court could lead to the imposition of sanctions, including dismissal of this case.