**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Scott Hildreth, )<br><br>Plaintiff, )<br><br>v. )<br><br>John Stroger, Jr., *et al.*, )<br><br>Defendants. )<br>) | Civil Action No. 08-cv-01461<br><br>Honorable Ruben Castillo |

**MOTION TO WITHDRAW AS APPOINTED COUNSEL**

Counsel asks the Court to grant his motion to withdraw as appointed counsel in this matter and consolidate this action with a previously filed, related case where Plaintiff has already been appointed counsel.  In support of his motion to withdraw, Counsel states:

1.      Plaintiff is currently in custody at Cook County Jail.  He has been in custody since April 2007.

2.      On March 11, 2008, Plaintiff filed a *pro se* complaint in the Northern District of Illinois.  (*See* Ex. 1, March 11, 2008 Complaint)  In the complaint, Plaintiff asserted a claim under 42 U.S.C. § 1983 against various Cook County officials and employees. Plaintiff alleged that he was deprived of medical treatment by Cook County medical employees and correctional officers during his pretrial detention from April 2007-February 2008.   Plaintiff claimed that he did not receive medication in a timely manner to treat his Parkinson's Disease.

3.      Plaintiff's March 11, 2008 complaint was docketed as Civil Action No. 08-01461 and assigned to this Court (hereinafter referred to as "this case" or "*Hildreth v.*

*Stroger*").

4.      On April 11, 2008, the Court granted Plaintiff's motion to proceed *in forma pauperis* and granted Plaintiff's motion for appointment of counsel.  The Court appointed Counsel to represent Plaintiff in accordance with Counsel's trial bar obligations.  The Court dismissed Plaintiff's complaint without prejudice subject to Counsel's filing an amended complaint if one could be filed consistent with the requirements of Federal Rule of Civil Procedure 11.

5.      Counsel has investigated and learned that Plaintiff previously filed a related action on this District and, after appointment of counsel in that case, asserted claims that overlap with those asserted in this case.

6.      On August 20, 2007, Plaintiff filed a pro se complaint in the Northern District of Illinois.  The case was docketed as Civil Action No. 07-04696 and assigned to Judge Kennelly (hereinafter referred to as "*Hildreth v. McGuire*").

7.      On January 7, 2008, Judge Kennelly appointed Brent Austin of Wildman, Harrold, Allen & Dixon to serve as counsel for Plaintiff in *Hildreth v. McGuire*.

8.      On March 21, 2008, Mr. Austin and Mr. Peter Moore submitted an amended complaint on Plaintiff's behalf in *Hildreth v. McGuire*.  (*See* Ex. 2, March 21, 2008 Complaint)

9.      Plaintiff's amended complaint in *Hildreth v. McGuire* alleges civil rights and constitutional violations committed against Plaintiff by various Cook County law enforcement officials during their arrest, interrogation, and detention of Plaintiff.

10.      Plaintiff's amended complaint in *Hildreth v. McGuire* contains allegations related to Plaintiff's "Current Confinement" in Cook County Jail.  (*See* Ex. 2, ¶¶45-49) Plaintiff's allegations include that he was "not receiving his medication in a manner

consistent with his prescription." (*Id.* at ¶ 49)

11.     Count 5 of Plaintiff's amended complaint in *Hildreth v. McGuire* alleges "Deliberate Indifference to Medical Needs." Plaintiff alleges that Correctional Officer Wiggins has violated his constitutional rights "by showing deliberate indifference to Mr. Hildreth's serious medical needs in refusing to provide him access to medication consistent with his prescription." (*Id.* at ¶ 67) Plaintiff alleges that "[Defendant] Wiggins and other Cook County Jail personnel intend to continue to deprive Mr. Hildreth of access to his medication consistent with his prescription unless ordered otherwise." (*Id.* at ¶ 70)

12.     The requested relief in Plaintiff's amended complaint in *Hildreth v. McGuire* includes that the Court "immediately and permanently enjoin Wiggins and all other Cook County Jail personnel from refusing to provide Mr. Hildreth medication in a manner consistent with his prescriptions."

13.      Plaintiff's amended complaint in *Hildreth v. McGuire* was filed 10 days after his *pro se* complaint in this case, *Hildreth v. Stroger*.

14.     Plaintiff's amended complaint in *Hildreth v. McGuire* and his complaint in this case contain similar and overlapping claims. Both involve the alleged failure by Cook County officials to provide Plaintiff with his prescription medication in a timely manner during his pre-trial detention in Cook County Jail. Both complaints bring claims of "deliberate indifference to medical needs" under 42 U.S.C. § 1983.

15.     On May 8, 2008, Counsel spoke with Mr. Peter Moore of Wildman, Harrold, Allen & Dixon regarding the overlapping claims in *Hildreth v. McGuire* and *Hildreth v. Stroger*. Mr. Moore agreed that the claims were similar and that the actions should be combined in order to prevent duplicative claims.

16.     Counsel is committed to satisfying his obligations as a member of the trial bar but submits that in this case the appropriate thing to do is to consolidate this case with the prior, related case in which Plaintiff was already appointed counsel.

Wherefore, Counsel requests that the Court enter an order consolidating this case with the prior-filed action in *Hildreth v. McGuire* and granting Counsel's motion to withdraw as counsel.

Dated:  May  21, 2008                    Respectfully submitted,


                                         s/Sean Gallagher
                                         Sean Gallagher
                                         BARTLIT BECK HERMAN
                                          PALENCHAR & SCOTT LLP
                                         54 West Hubbard Street, Suite 300
                                         Chicago, IL  60610
                                         Telephone:  (312) 494-4400
                                         Facsimile: (312) 494-4440

                                         *Appointed Counsel for Scott Hildreth*

# Exhibit 1

*COURTS COPY ORIG w/ summons Docs 13pgs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

RECEIVED

MAR 11 2008
Mar 11, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

SCOTT HILDRETH

_____

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

JOHN STROGER, JR.
TOM DART
ANTHONY GUDINEZ
DR. E        COUTURE
DR. KEVIN SIMMS
SHARON McGILLICUTTY
SGT.     ?     THOMAS
C.O.     ?     SUNGKAPAN
C.O.     ?     MASELUKO
_____

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

08CV1461
JUDGE CASTILLO
MAGISTRATE JUDGE BROWN

Cas
(To be supplied by the Clerk of this Court)

DOCKETED
MAR 13 2008

**CHECK ONE ONLY:**

__X__      **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983**
           **U.S. Code** (state, county, or municipal defendants)

_____      **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE**
             **28 SECTION 1331 U.S. Code** (federal defendants)

_____      **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR*
*FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

1

I.    **Plaintiff(s):**

A.    Name:    _SCOTT HILDRETH_

B.    List all aliases:    _NONE_

C.    Prisoner identification number:    _2007-0028801_

D.    Place of present confinement:    _COOK COUNTY JAIL_

E.    Address:    _P.O. BOX 089002, CHICAGO, IL. 60608_

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II.    **Defendant(s):**

(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

A.    Defendant:    _JOHN STROGER, JR._

Title:    _COOK COUNTY BOARD PRESIDENT_

Place of Employment:    _118 N. CLARK ST., SUITE 537, CHICAGO, IL._

B.    Defendant:    _TOM DART_

Title:    _COOK COUNTY SHERIFF_

Place of Employment: _50 W. WASHINGTON, ROOM 704, CHICAGO, IL. 60602_

C.    Defendant:    _ANTHONY GUDINEZ_

Title:    _COOK COUNTY DEPARTMENT OF CORRECTIONS DIRECTOR_

Place of Employment:    _____

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

_SEE ATTACHED PAGE 2A_

2

D. DR. E _____? COUTURE
   CERMAK HOSPITAL MEDICAL DIRECTOR
   2800 S. CALIFORNIA AV., CHICAGO, IL. 60608


E. DR. KEVIN SIMMS
   MEDICAL DOCTOR
   _____? DIVISION 9, CHICAGO, IL. 60608


F. SHARON McGILLICUTTY
   NURSE
   _____? DIVISION 9, CHICAGO, IL. 60608

G. ___BlK female?___ THOMAS
   COOK COUNTY SHERIFF'S DEPUTY SGT.
   _____? DIVISION 9, CHICAGO, IL. 60608


H. _____? SUNGKAPAN
   COOK COUNTY SHERIFF'S DEPUTY CORRECTIONS OFFICER
   _____? DIVISION 9, CHICAGO, IL. 60608


I. _____? MASEL■KO
   COOK COUNTY SHERIFF'S DEPUTY CORRECTIONS OFFICER
   _____? DIVISION 9, CHICAGO, IL. 60608


2A

**III.**    **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A.    Name of case and docket number: *SCOTT HILDRETH V. COOK COUNTY, ET AL ; 07 C 4696*

B.    Approximate date of filing lawsuit: *AUGUST 20, 2007*

C.    List all plaintiffs (if you had co-plaintiffs), including any aliases: *SCOTT HILDRETH*

D.    List all defendants: *COOK COUNTY, IL. COOK COUNTY SHERIFF TOM DART DEPUTY DETECTIVE CHRISTOPHER McGUIRE #932*

E.    Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): *NORTHERN DISTRICT OF ILL., EASTERN DIV.*

F.    Name of judge to whom case was assigned: *MATTHEW F. KENNELLY*

G.    Basic claim made: *ILLEGAL ARREST 4TH AMENDMENT VIOLATION*

H.    Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): *PENDING*

I.    Approximate date of disposition: *DOES NOT APPLY*

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised 9/2007

**IV.     Statement of Claim:**

State here as briefly as possible the facts of your case.  Describe how each defendant is involved, including names, dates, and places.  **Do not give any legal arguments or cite any cases or statutes.**  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  (Use as much space as you need.  Attach extra sheets if necessary.)

I would like to bring this action against all defendants, under the color of law, in their official capacity except four of them: McGillicutty (#6), Sgt. Thomas (#7), C.O. Sungkapan (#8), and C.O. Maseloko (#9). If possible, and/or if the court would allow it, these particular defendants in their individual capacities. I would be seeking the amount of $5,000 each out-of-pocket for their failure to do what was necessary — to contact who should have been contacted, or, in turn, keeping me from getting medical treatment or seeing medical staff, or simply interfering with my receiving prescribed medication. As for nurse McGillicutty, it's her failure to do her job and comply with the Hippocratic Oath.

4

Revised 9/2007

This suit is about my getting "reasonably adequate" medical care, services at a level reasonably commensurate with modern medical science and of a quality acceptable within prudent professional standards. It is about continued negligence from April 20, 2007 through and up to February 3, 2008 for a serious pre-existing illness, Parkinson's Disease. As an example, a prescription was written on January 25 yet I never received any medication until after February 3, 2008 — ten days—no medication at all for a serious illness. No one cared at all. This is deliberate indifference to a serious medical need which constitutes the unnecessary and wanton infliction of pain — proscribed by the Eighth Amendment. Also applied the deliberate indifference standard to pre-trial detainees under the due process clause.

To add insult to injury, I have been ridiculed, called names, and mocked. Jail as well as court personnel have contributed to this. When plaintiff asked C.O.'s Sungkapan and Maselako to help him get a hold of medical staff and/or medication, the conversation turned to whether or not he had to file another lawsuit against Tom Dart, at which point the two C.O.'s started whispering between themselves and snickering like little school girls. In particular, Maselako had a Devil-may-care attitude and stated something to

the effect "go ahead and sue, see if I care, screw Tom Dart." Sungkapan chimed in, "I agree."

Mr. Hildreth, plaintiff, has been continually and constantly denied the medical attention and treatment he is entitled to under every legal, medical, constitutional and D.O.C. guideline down to basic, simple, banal humane treatment.

Since April 20, 2007 to February, 2008 at Cook County Jail, Division 9, he has been denied medication on a steady basis, as well as proper medical treatment and care, which the Constitution requires prison (and jail) authorities to provide. He has repeatedly conveyed to them the seriousness of his condition — his inability to function in an everyday manner — without his medication. Bodily functions, writing, reading, eating and swallowing, sleeping, walking, sitting (and others) are next to impossible.

Condition has been exacerbated due to poor and neglectful treatment which has culminated in deterioration of a nature heretofore experienced.

Plaintiff Hildreth has been denigrated, condemned, maligned by line and staff. Stress has been introduced by CCJ personnel, further hurting him. He can not defend himself

6

legally due to his writing and reading problems from lack of meds.

Documentation by I.D.O.C. is in the CCJ files and Dr. Couture is aware of them, whether she owns up to it or not. Further documentation in the form of grievances and requests (attached) are part and parcel of all this. The problems are never solved or addressed, as the employees play a game of pass-the-buck, capriciously dodging and ducking the issues at hand. In addition, there is name-calling and chortling, giggling and laughing directed at Mr. Hildreth in the most gratuitous ways. No human being, incarcerated or not, should have to be exposed and subjected to such deliberate indifference.

**V.   Relief:**

State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no cases or statutes.

I would like to make an impact on the operations at CCJ affecting the staff conduct towards healthcare and the dispensing of medication, so that I am no longer —and others— subject to this type of inhumane treatment. The defendants in their individual capacity should be ordered to pay $5,000 each out-of-pocket; the remaining defendants should be held responsible for $165,000.

**VI.   The plaintiff demands that the case be tried by a jury.**   ☐ YES   ☑ NO

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief.  I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this _15th_ day of _Feb._, 20 _08_

_Scott H_

(Signature of plaintiff or plaintiffs)

_Scott Hildren_

(Print name)

_2007 — 0028801_

(I.D. Number)

_Box 089002_

_Chgo, Ill. 60608_

(Address)

6

Revised 9/2007

| (Court Branch) | (Court Date) | |
|---|---|---|

**FELONY COMPLAINT**    **Class x**

CCCR-N662-100M-11/14/97 (83420157)
(This form replaces CCG-0662 " & " CCMC-216)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

The People of State of Illinois
Plaint'ff

**COMPLAINT FOR PRELIMINARY EXAMINATION**

NO. _____

_____
Defendant

_____ complainant, now appears before
(Complainants Name Printed or Typed)

The Circuit Court of Cook County and states that

_____ has, on or about
(defendant)                    (address)

_____ at _____ in that he
(date)                    (f offense)

committed the offense of _____

in violation of _____
(Chapter)        (Act)        (Section)

_____
(Complainants

| | | | | | |
|---|---|---|---|---|---|

**CHARGE CODE**

_____
(Complainants Address)        (Telephone No.)

**STATE OF ILLINOIS** } ss:
**COOK COUNTY**

_____
(Complainants Name Printed or Typed)

Being first duly sworn, the Complainant on oath, deposes and says that he read the foregoing complaint by him subscribed
and that the same is true.

_____
(Complainants Signature)

Subscribed and sworn before me on this _____

_____
(Judge, Deputy Clerk or Clerk)

I have examined the above complaint and the person presenting the same and have heard evidence thereon, and am satisfied
that there is probable cause for filing same. Leave is given to file said complaint.

**SUMMONS ISSUED** Judge _____
or                                                                    Judge's No.

**WARRANT ISSUED** Bail set at: _____
or

**BAIL SET AT:** Must be Set by Judge    Judge _____
                                                                    Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
## ORIGINAL COPY

KOUGH DRAFT H/S Copy — *[handwritten: Kerson Turned in Today (2/1/08) to Sgt. Thomas, approximately 2PM.]*

*[handwritten left margin: start one oh his side]*

Cermak Health Services of Cook County
2800 S. California Avenue
Chicago, IL 60608

## DETAINEE HEALTH SERVICE REQUEST FORM

Mark box ☒ on the left of answers or print in space provided.
Side 1 - English

Name: **SCOTT HILDRETH**          Today's Date: **2/1/08**

ID #: **2007** -- **0028801**   Division: **9**   Tier: **3H**   Birth Date: **5/28/58**
(Booking Year)   (Number)

FOR A MEDICAL / DENTAL / MENTAL HEALTH PROBLEM **USE A SEPARATE REQUEST FORM FOR EACH PROBLEM.** EACH FORM WILL BE SENT TO THE APPROPRIATE HEALTH SERVICE PROVIDER.

Describe your problem: *I saw Dr. Kevin Simms (and other doctor, too) on Wed., Jan. 30, 2008. A prescription for me was written Jan 25 and not acted upon in manner of being delivered to me... in fact, as of 2/1/08, I have still received none. All medical staff — doctors, nurses, pharmacologists, director, paramedic etc — other than nurse Lorraine, are remiss and derelict and hidden and have a don't give a damn, sanctimonious attitude in violation of Hippocratic Oath & Dept. of Ill. legal code and A.M.A. etc. There is absolutely no* **(OVER)**

How long have you had this problem? **14 yrs** days / weeks / months (circle one)

Next Court Date:

## !!!STOP!!!   DO **NOT** WRITE BELOW THIS LINE

Referred to:   ☐ Medical   ☐ Dental   ☐ Mental Health   ☐ Health Educator   ☐ DOC   Date:

**Initial Provider Note:** _____

_____

_____

_____

_____

Signature/Title:_____ Date:_____ Time:_____

**Secondary Disposition:** (as indicated): Recommended Follow-up:   ☐ Sick Call   ☐ PRN

Signature/Title:_____ Date:_____ Time:_____

**Appointment Scheduler:**

Appointment Date:_____

Signature/Title:_____

Date:_____ Time:_____

*CHS83622*

PATIENT LABEL

Form#: 83622  Rev: May, 2003



*COPY FROM OTHER SIDE*

*This Side FIRST*

Lentral Health Services of Cook County
2800 S. California Avenue
Chicago, IL 60608

# DETAINEE FORMA DE SERVICIOS DE SALUD

### Side 2 - Spanish

Nombre:_____

Numero _____    Fecha de hoy dia:_____

De :____ ____ - ____ ____ ____ ____    Divicion:_____ Celda:_____

(Ano que entro)    (Numero)    Dia de Naciemiento:_____

USE ESTA FORMA **PARA UN SOLO PROBLEMA**, YA SEA MEDICO, DENTISTA, O SIQUIATRICO.  SI USTED TIENE OTRO PROBLEMA, DEBE LLENAR ORTA NIEVA FORMA.  SU PEDIDO SERA REFERIDO AL SERVICIO APROPIADO.

Describa su problema: excuse or call for this inhumane, egregious, abominable inaction. A full frontal attack along the lines of law suits, media exposure, private investigative efforts, and any other drastic measures is going to be launched before I or someone else suffers irreparable damage, disfiguration, disease, or death, due to this neglect — willful and wanton neglect & non-performance. I demand and want Sharon McGillicuddy, NURSE fired for her defiance of me and open disregard for my health.

Cuanto tiempo a tenido este problema?_____ dias / semanas / meses (marque uno) You will all be hearing from the Federal Courts.

Siquiente dia de corte:_____

This was the Last straw — I've had no medication in the last SEVEN DAYS.

## !!!ALTO!!!   NO ESCRIBA DE BAJO DE ESTA LINIA

Scott # 2-1-08

Referred to: ☐ Medical ☐ Dental ☐ Mental Health ☐ Health Educator ☐ DOC   Date:

**Initial Provider Note:** _____

_____

_____

_____

_____

Signature/Title:_____ Date:_____ Time:_____

**Secondary Disposition:** (as indicated): Recommended Follow-up: ☐ Sick Call   ☐ PRN

Signature/Title:_____ Date:_____ Time:_____

**Appointment Scheduler:**

Appointment Date:_____

Signature/Title:_____

Date:_____ Time:_____

Form#: 83622  Rev: May, 2003

*CHS83622*

PATIENT LABEL

R̶E̶C̶O̶M̶E̶N̶D̶A̶

93 S. Ct. 2041  BUSTAMONTE



Part-A / Control #:_____X_____

Referred To:_____

# COOK COUNTY DEPARTMENT OF CORRECTIONS
# DETAINEE GRIEVANCE

Detainee Last Name: _____ Hildreth_____ First Name: _Sase___

ID #: _2007- 0078901_ Div.: _9_ Living Unit: _3H_ Date: _1/13/08_

BRIEF SUMMARY OF THE COMPLAINT: _I am tired of insufficient medical_
_treatment. I am out of meds for Parkinson's. I have_
_Swollen Feet! had for over 10 days! ? I told nurse_
_Lorraine today she had co (Inberg) open door and she said she_
_has to get him to dispensary. I am tired of this shit. I will sue_
_Dr. Simms, Dr. Mansure, Tom Dart AND Cook County Board President Stroger._
_I want proper medical treatment._

ABOVE RE-WRITTEN BELOW FOR CLARITY BY STAFF. HILDRETH'S PRETERMINATE, SINCE
BOOT. THIS SERIOUS MEDICAL CONDITION, PARKINSON'S AND IS OUT OF
MEDICATION, TOO . . .

_I AM TIRED OF INSUFFICIENT MEDICAL TREATMENT. I AM OUT OF MEDS FOR_
_PARKINSON'S. I HAVE SWOLLEN FEET: HAD FOR OVER 10 DAYS! I TOLD_
_NURSE LORRAINE TODAY — SHE HAD C.O. (INBERG) OPEN DOOR AND SHE SAID SHE_
_HAS TO GET HIM TO DISPENSARY. I AM TIRED OF THIS SHIT. I WILL SUE_
_DR. SIMMS, DR. MANSURE, TOM DART AND COOK COUNTY BOARD PRESIDENT STROGER._
_BELIEVE ME. I WANT PROPER MEDICAL TREATMENT._

NAME OF STAFF OR DETAINEE(S) HAVING INFORMATION REGARDING THIS COMPLAINT:
_____

ACTION THAT YOU ARE REQUESTING:
_____
_____

DETAINEE SIGNATURE: _____

C.R.W.'S SIGNATURE: _____ DATE C.R.W. RECEIVED: ___/___/___

Please note: Decisions of the "Detainee Disciplinary Hearing Board" cannot be grieved or appealed through the use of a grievance form. All appeals must be made in writing and directly submitted to the Superintendent.

(WHITE COPY – PROG. SERV.)   (YELLOW COPY – C.R.W.)   (PINK COPY – DETAINEE)   (GOLDENROD COPY – DIVISION/SUPT. OFFICE)

Part – B / Control #: 200 X 0450

## C.C.D.O.C.  DETAINEE GRIEVANCE / REFERRAL & RESPONSE

*EMERGENCY GRIEVANCES ARE THOSE INVOLVING AN IMMEDIATE THREAT TO THE WELFARE OR SAFTEY OF A DETAINEE*

Detainee's Last Name: _Hildreth_   First Name: _Scott_   ID#: _2007002980_

Is This Grievance An **Emergency**?   YES ☐   NO ☑

C.R.W.'S Summary Of The Complaint: _Denied Medical attention and medication_

C.R.W. Referred Griev. To: _Cermack_   Date Referred: _05/00/07_

Response Statement: _____
_Denial of medication_ _____

_____ Smith _____ _____ Smith _____   Date: _5/11/07_  Div./Dept. _CHS_
(print- name of individual responding to this griev.)   (signature of individual responding to this griev.)

_____ _____   Date: _/ /_  Div./Dept. _____
(print - name of Supt./ Designee / Dept. Admin.)   (signature of Supt./ Designee / Dept. Admin.)

_C WARREN_ _____   Date: _5/11/07_
(print - name of Prog. Serv. Admin./ Asst. Admin.)   (signature of Prog. Serv. Admin./ Asst. Admin.)

☒ Date Detainee Received Response: _5/14/07_  Detainee Signature: _____

## REQUEST FOR AN APPEAL

*APPEALS MUST BE MADE WITHIN 14 DAYS OF THE DATE THE DETAINEE RECEIVED THE RESPONSE*

Date Detainee Request For An Appeal: _____/_____/_____

Detainee's Basis For An Appeal: _____

_____

Appeal Board's Acceptance Of Detainee's Request:   YES ☐   NO ☐

Appeal Board's Reasoning / Decision / Recommendation To The Superintendent Or Administrator:

_____

_____

Appeal Board's Signatures / Dates:

_____   _____   _____

Date Detainee Rec'd the Appl. Bd.'s Response: _____/_____/_____  Detainee Signature: _____

GRIEVANCE CODE(S): (_____) (_____) (_____) (_____)

(WHITE COPY – PROG. SERV.)   (YELLOW COPY – C.R.W.)   (PINK COPY – DETAINEE)   (GOLDENROD COPY – DIVISION/SUPT. OFFICE)

*SH 2060*

**PART – C**

---

## C.C.D.O.C. DETAINEE GRIEVANCE PROCESSED AS A REQUEST

*\* Please note: When processed as a request, PART – B is not applicable. \**

**Detainee's Last Name:** HILDRETH    **First Name:** Scott

**ID#:** 2007-0028801   **Div:** 9   **Tier/LivingUnit:** 2H

**Date of Request:** 5/18/07    **Date C.R.W. Received Request:** 5/22/07

**This Request has been processed by:** Jewell    **C.R.W.**

**Summary of Request:**

WANTS INCREASE DOSE OF MED.

**Response and/or Action Taken:**

AS PER DISCUSSION WITH KEVIN IN DISP. DIV 9 INMATE HILDRETH IS AWAITING NEW MEDICATION INSTRUCTIONS FROM CERMAK

Robert Jewell    RJWll    **Date:** 5/22/07  **Div./Dept.** 9
(Print- name of individual responding)   (Signature of individual responding)

Part – B / Control # 2007 X 1035

## C.C.D.O.C. DETAINEE GRIEVANCE / REFERRAL & RESPONSE

*EMERGENCY GRIEVANCES ARE THOSE INVOLVING AN IMMEDIATE THREAT TO THE WELFARE OR SAFTEY OF A DETAINEE*

**Detainee's Last Name:** HILDRETH  **First Name:** Scott  **ID#** 2007 - 0028801

**Is This Grievance An Emergency?**  YES ☐  NO ☒

**C.R.W.'S Summary Of The Complaint:** LACK OF Proper MEDICATION IS ALLEGED

**C.R.W. Referred Griev. To:** CERMAK  **Date Referred:** 5 03 07

**Response Statement:** Referred to Medical Services Dept.

_medications for Parkinsons_

(print- name of individual responding to this griev.) (signature of individual responding to the griev.) **Date:** ___ **Div./Dept.**

(print - name of Supt. / Designee / Dept. Admin.) (signature of Supt. / Designee / Dept. Admin.) **Date:** ___ **Div./Dept.**

(print - name of Prog. Serv. Admin./ Asst. Admin.) (signature of Prog. Serv. Admin./ Asst. Admin.) **Date:** ___

**Date Detainee Received Response:** ___ **Detainee Signature:** ___

## REQUEST FOR AN APPEAL

*APPEALS MUST BE MADE WITHIN 14 DAYS OF THE DATE THE DETAINEE RECEIVED THE RESPONSE*

**Date Detainee Request For An Appeal:** ___/___/___

**Detainee's Basis For An Appeal:** ___

**Appeal Board's Acceptance Of Detainee's Request:**  YES ☐  NO ☐

**Appeal Board's Reasoning / Decision / Recommendation To The Superintendent Or Administrator:**

___

**Appeal Board's Signatures / Dates:**

___

**Date Detainee Rec.'d the Appl. Bd.'s Response:** ___/___/___ **Detainee Signature:** ___

GRIEVANCE CODE(S): (___) (___) (___) (___)

(WHITE COPY – PROG. SERV.)  (YELLOW COPY – C.R.W.)  (PINK COPY – DETAINEE)  (GOLDENROD COPY – DIVISION/SUPT. OFFICE)

PART – C

*2 H  2060*

## C.C.D.O.C. DETAINEE GRIEVANCE PROCESSED AS A REQUEST

*\* Please note: When processed as a request, PART – B is not applicable. \**

Detainee's Last Name: _Hildreth_    First Name: _Scott_

ID#: _2007-0078801_    Div: _9_    Tier/LivingUnit: _2H_

Date of Request: _6/19/07_    Date C.R.W. Received Request: _6/27/07_

This Request has been processed by: _II Am Denied medical_ C.R.W.

*Absolutly*    *Ago*

**Summary of Request:**

_Concerned About Medical Responce Carson_

**Response and/or Action Taken:**

_As per Dispensary Inmate will be given medication today and will be seen for regular check up on Monday July 2_

_Robert Jewell_ - _Jewell CRW_    Date: _6/28/07_ Div./Dept. _9_
**(Print- name of individual responding)**    **(Signature of individual responding)**

( WHITE COPY – PROG. SERV. CENTRAL OFFICE )    ( YELLOW COPY – C.R.W. WEEKLY PACK )    ( PINK COPY – DETAINEE )

Weds. 6-20-07

Americ. Med. Assn.,

Director of AMA,

Sir,
Does The Hipocratic Oath, mean anything anymore?
I CANT TELL. This is the 2nd letter From me to The
AMA.!
I am Suffering From Parkinsons disease.
I am NOT getting proper medial attn. Treatment or
medication. Through Cook County Jail
medical staff And CERMAK Hosp. ?
A. Doctor ANAGLATE in Div 9. has no professional
attitude Actually a Poor human attitude! He
denied me meds. Ive been taking Er 13yrs + ?!
Said I didn't need it- in his 120 Second diagnoses.
Hes done similar to others.
I'd like to hear from Someone at AMA so I know
you are receiving These letters and acknowledging
Same ?
Ive filed Numerous grievences. To No Avail
P.S. ALSO unProfessional nurses — Ruiz or Reyes one
Conduct per Price ? Nurse clt.
Sincerly
Scott

Exh___

7-28-07

Here I sit I have not had my meds for two days. Sgt Yong is aware of it he called the dispensery yesterday they said get it next morning none yet its after 3:00pm cant even write well cant walk well cant move well. ongoing thing here.

___

Mike R___
Daniel H Pequ___
Timothy Fred
Mathew ___
Richard Hanur
Patrick Twist    20060098189

Ran out or meds about Aug 17-18 and 19th An ongoing thing
cont. No meds Aug 27-28R !
no meds Sept 2,3,4, 22, 27rd ?!

I Michael Orr Am writing this for Scott due to his illness. cant write well.

## #1 Claim Form

while in Cook County Jail I have been treated with indifference to a preexhisting illness parkinsons (13 4125) denided medication, make to walk 1/2 mile on several occassions when unable to walk due to no medication at all. Have been made fun of called names And ridiculed several different time names As pengeun man shuffler geisha man short steps - due to my illness. Have been told that nothing is wrong with me quit faking

Medical Director,
Dr. F,

COUTURE,

I am having Trouble again with my Health Care Provisions.
I am at a loss of words For This Place?

I will be Seeing Dr. _____

I am experiencing _____

I'm now got "FAT FEET" Swollen Feet and ankles _____

_____

*MEDICATION- MEDICAL TREATMENT*  6-28-0

Dr. E. COUTURE   773 869 5623

Scott Childress # 2007-0028801   Div. 9. OH

Parkinsons - symptoms. meds. mirapex 1mg 3x day ?
Pt. not get for 1 month in cct. !?

~~~~ Dr. E. ANAGLATE TOLD me I don't need
meds no thing wrong with me. I can walk no cane no TW
?!?!? I've been medicated Diagnosed for 10 yrs!

CAT SCANS - MRE'sect - ? ~~~~ ?
Now I'm hav TROUBLE getting my meds
as Prescribed per med. Director is. Couture
I get it Daily sometimes ? Not accept now.
why ? Crook I've grieved med staff.

I am taking lower doses copy of med file.

CORRBUS.    4-26      4-26
            5-2       5-2
            5-18      5-18
            6-21      5-21
                      6-19

# Exhibit 2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **SCOTT HILDRETH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Case No. 07 C 4696** |
| | ) | **Hon. Matthew Kennelly** |
| **CHRISTOPHER McGUIRE #932,** | ) | |
| **P. MURRAY #96,** | ) | **JURY TRIAL DEMANDED** |
| **N. DITUSCA #920,** | ) | |
| **A. LICATA #935,** | ) | |
| **R. LOBACZ #396,** | ) | |
| **M. ANTON #52, and** | ) | |
| **Asst. State's Attorney COLLEEN DALY,** | ) | |
| **all in their individual capacities; and** | ) | |
| **C/O WIGGINS #4037, in her individual** | ) | |
| **and official capacity,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## AMENDED COMPLAINT

Plaintiff, Scott Hildreth ("Mr. Hildreth"), by and for his Amended Complaint against defendants CHRISTOPHER McGUIRE #932, P. MURRAY #96, N. DITUSCA #920, A. LICATA #935, R. LOBACZ #396, M. ANTON #52, Asst. State's Attorney COLLEEN DALY, and C/O WIGGINS #4037 (together "Defendants"), states as follows:

### BACKGROUND AND JURISDICTION

1.      This civil action arises under the Civil Rights Act, 42 U.S.C. § 1983, *et seq.*, stemming from civil rights and constitutional violations committed against Mr. Hildreth by Defendants during their arrest, interrogation, and detention of Mr. Hildreth for alleged sexual assault and kidnapping.

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the case arises under the Constitution and laws of the United States, specifically, the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and the Civil Rights Act, 42 U.S.C. § 1983, *et seq.*

3.      Venue is proper in this District, and this Court has personal jurisdiction over Defendants, because all parties reside within the Northern District of Illinois and all facts relevant to this action took place within the Northern District of Illinois.

## PARTIES

4.      Plaintiff, Scott Hildreth, is a resident of Cook County, Illinois.  He is currently in pretrial custody at the Cook County Jail located at 2700 South California Avenue, Chicago, Illinois.

5.      Defendants Christopher McGuire #932 ("McGuire"), P. Murray #96 ("Murray"), N. Ditusca #920 ("Ditusca"), A. Licata #935 ("Licata"), R. Lobacz #396 ("Lobacz"), and M. Anton #52 ("Anton") are officers employed by the Cook County Sheriff's Police.

6.      Defendant Colleen Daly ("Daly") is an Assistant States Attorney for Cook County, Illinois.

7.      Defendant C/O Wiggins #4037 ("Wiggins") is a Corrections Officer employed at the Cook County Jail, and is currently assigned to Mr. Hildreth's cell.

8.      On information and belief, Defendants are and were, at all times relevant herein, residents of the Northern District of Illinois.

## THE ARREST

9.      On the evening of April 17, 2007, at approximately 10:00 PM, Mr. Hildreth was returning to his home at 1660 Maple St., Des Planes, Illinois, and proceeded to park his vehicle in the driveway of his residence.

10.      As Mr. Hildreth parked his vehicle, armed plainclothes officers of the Cook County Sheriff's Police, including Defendants McGuire, Murray, Ditusca, Licata, and Lobacz (together "Arresting Officers"), approached Mr. Hildreth with guns drawn and ordered him to exit his vehicle.

11.      Mr. Hildreth, fearing for his safety, complied with the Arresting Officers' demands, exiting the vehicle and allowing them to restrain him and eventually force him into an unmarked car.

12.      Despite having guns drawn and using force to restrain him, Officers continually told Mr. Hildreth that they only wanted to "talk to him."  Officers at no point during the arrest advised Mr. Hildreth of why he was being seized.

13.      During a search of Mr. Hildreth's vehicle, the Arresting Officers removed from the vehicle a bottle of medication used to treat Parkinson's Disease, from which Mr. Hildreth suffers.  The bottle was labeled as prescription medication prescribed by a physician.

14.      The Arresting Officers took Mr. Hildreth in an unmarked car to a local Cook County Sheriff's Police headquarters in Maybrook, Illinois, where he was placed in an interrogation room.

15.      At no point before or during Mr. Hildreth's arrest did the Arresting Officers have cause to believe Mr. Hildreth was dangerous or was a threat to the Arresting Officers.

16.     At no point before or during Mr. Hildreth's arrest did the Arresting Officers inform Mr. Hildreth of his legal rights.

17.     At no point before or during Mr. Hildreth's arrest did the Arresting Officers possess probable cause to believe Mr. Hildreth had committed any crime for which he was being arrested.

18.     On information and belief, the Arresting Officers' actions in arresting Mr. Hildreth were calculated to cause surprise, fright, and confusion, and done for the purpose of furthering their investigation of the alleged crime by procuring an incriminating statement from Mr. Hildreth.

## THE INTERROGATION

19.     Shortly after arriving at the Cook County Sheriff's Police headquarters, Defendants McGuire and Ditusca (together "Interrogating Officers") began interrogating Mr. Hildreth about an alleged rape that took place in the Iroquois Woods in unincorporated Des Planes, Illinois, on Monday, April 16, 2007 at approximately 1 PM.

20.     At this time, the Interrogating Officers informed Mr. Hildreth that they would not charge him with any crime as long as he cooperated and did not request an attorney.  The Interrogating Officers told Mr. Hildreth that they needed a statement from him regarding what happened during the alleged rape to "compare" it to the alleged victim's.

21.     Mr. Hildreth informed the Interrogating Officers that he did not commit the alleged crime and was not present at the Iroquois Woods during the alleged crime.

22.     The Interrogating Officers ended the interrogation at that point and Mr. Hildreth was transferred to a holding cell.

23.     In at least one instance during the first night's interrogation, Mr. Hildreth asked the Interrogating Officers for his Parkinson's medication, which had been taken from his vehicle. The Interrogating Officers refused, telling him that they were not permitted to give him his medication because they did not know what it was.

24.     At no time that evening, even after being informed of Mr. Hildreth's medical condition, did the Interrogating Officers allow Mr. Hildreth to be seen by a physician or any medical professional.

25.     On the evening of Wednesday, April 18, 2007, the Interrogating Officers resumed their interrogation of Mr. Hildreth in the interrogation room.

26.     At this point, the Interrogating Officers again told Mr. Hildreth they needed a statement from him regarding what happened at the Iroquois Woods.  Mr. Hildreth again informed the Interrogating Officers that he was not present there during the alleged crime.

27.     In at least one instance during Wednesday's interrogation, Mr. Hildreth again asked the Interrogating Officers for his Parkinson's medication, and they again refused his request.

28.     The Interrogating Officers returned Mr. Hildreth to a holding cell some time Wednesday night.

29.     On the evening of Thursday, April 19, 2007, the Interrogating Officers resumed their interrogation of Mr. Hildreth in the interrogation room.

30.     Throughout Thursday night's interrogation, Mr. Hildreth continued to request his Parkinson's medication.

31.     At one point during Thursday night's interrogation, Defendant McGuire told Mr. Hildreth that he would be treated for his Parkinson's Disease once he had provided officers with a statement regarding the alleged crime.

32.     That night, Defendants Daly and Anton also interrogated Mr. Hildreth.  Mr. Hildreth was again informed that he would be charged with a crime if he didn't cooperate, being continually told that he "kn[ew] what to do."

33.     Despite the fact that Mr. Hildreth continually professed his innocence, Daly and Anton drafted a statement for him to sign purportedly confessing to the alleged crime on April 16th ("the Statement").

34.     While Daly and Anton were drafting and revising the Statement, Mr. Hildreth continually informed them that did not agree with the contents of the Statement.

35.     From the time Mr. Hildreth arrived at the Sheriff's Police headquarters on Tuesday night, continuing through Thursday night's interrogation, Mr. Hildreth experienced serious and distressing physical symptoms due to his Parkinson's Disease which would have been alleviated had he been provided his medication.

36.     Mr. Hildreth, who is not a physician and who did not know the full extent of the risks to his health of not taking his medication, reasonably feared for his health and safety if he did not sign the Statement prepared by Daly and Anton and did not obtain his medication.

37.     Mr. Hildreth signed the Statement prepared by Daly and Anton under protest that he did not agree with it, and solely for the purpose of obtaining his medication and ending the interrogation.

38.     Almost immediately upon signing the Statement, Mr. Hildreth was taken to a physician who examined him and provided him Parkinson's medication.

39.     Mr. Hildreth was not taken before a judge for a bond or probable cause hearing until Friday morning, or approximately 60 hours after he was taken into custody.

40.     On information and belief, no exigent circumstances existed to justify holding Mr. Hildreth longer than 48 hours.

41.     On information and belief, Daly, Anton, and the Interrogating Officers, all intended to hold Mr. Hildreth without a hearing until he provided an incriminating statement regarding the alleged April 16, 2007 crime.

42.     Mr. Hildreth was coerced into signing the Statement prepared by Daly and Anton by being refused medical treatment except on the condition that he sign the Statement, thereby unnecessarily causing him to experience physical symptoms of his disease and to reasonably fear for his health and safety if he did not sign the Statement

43.     Mr. Hildreth was also coerced into signing the Statement prepared by Daly and Anton due to his reasonable belief that he would be held in custody indefinitely without being taken before a judge if he did not sign the Statement.

44.     Mr. Hildreth's signing of the Statement was procured through use of physical and psychological pressure that overbore Mr. Hildreth's will and was, therefore, done involuntarily.

## CURRENT CONFINEMENT

45.     Mr. Hildreth has been prescribed medication for his Parkinson's Disease by medical professionals associated with the Cermack Health Services of Cook County.

46.     Despite the fact that Defendant Wiggins and other Cook County Jail personnel are aware of Mr. Hildreth's need for medication, since arriving at the Cook County Jail, Wiggins and other jail officials have continually denied Mr. Hildreth access to his medication consistent with his prescription.

47.     In at least one instance, Wiggins was heard telling another Cook County Jail official that Mr. Hildreth did not need any medication.

48.     Mr. Hildreth has filed several grievances with jail officials regarding his not being provided medication, without success, thereby exhausting his administrative remedies.

49.     As a direct result of Mr. Hildreth not receiving his medication in a manner consistent with his prescription, Mr. Hildreth has experienced and continues to experience serious and distressing physical symptoms relating to his Parkinson's Disease and/or withdrawal from medication, including severe difficulty walking and sleeping.

**COUNT I –**
**UNLAWFUL ARREST**

50.     Paragraphs 1 through 49 are hereby incorporated by reference.

51.     The Arresting Officers, acting under color of State law, violated the Fourth and Fourteenth Amendments to the United States Constitution by seizing and arresting Mr. Hildreth without probable cause to believe he had committed a crime.

52.     At all times relevant herein, the Arresting Officers acted objectively unreasonably and with malicious intent to deprive Mr. Hildreth of an established constitutional right.

53.     As a result of the Arresting Officers' actions, Mr. Hildreth has suffered actual damages for which the Arresting Officers are liable pursuant to 42 U.S.C. § 1983.

WHEREFORE, Plaintiff, Mr. Hildreth, prays this Honorable Court:

-     Award compensatory damages in favor of Mr. Hildreth and against the Arresting Officers in an amount to be determined at trial;

-     Award punitive damages;

-     Award reasonable attorney fees pursuant to 42 U.S.C. § 1988; and

-     Award any other relief as justice may require.

8

## COUNT II –
## EXCESSIVE FORCE

54.     Paragraphs 1 through 53 are hereby incorporated by reference.

55.     The Arresting Officers, acting under color of State law, violated the Fourth and Fourteenth Amendments to the United States Constitution by using excessive force without reasonable justification in arresting Mr. Hildreth.

56.     At all times relevant herein, the Arresting Officers acted objectively unreasonably and with malicious intent to deprive Mr. Hildreth of an established constitutional right.

57.     As a result of the Arresting Officers' actions, Mr. Hildreth has suffered actual damages for which the Arresting Officers are liable pursuant to 42 U.S.C. § 1983.

WHEREFORE, Plaintiff, Mr. Hildreth, prays this Honorable Court:

- Award compensatory damages in favor of Mr. Hildreth and against the Arresting Officers in an amount to be determined at trial;

- Award punitive damages;

- Award reasonable attorney fees pursuant to 42 U.S.C. § 1988; and

- Award any other relief as justice may require.

## COUNT III –
## UNLAWFUL DETENTION

58.     Paragraphs 1 through 57 are hereby incorporated by reference.

59.     Defendants Daly, Anton, and the Interrogating Officers, acting under color of State law, violated the Fourth and Fourteenth Amendments to the United States Constitution by failing to promptly present Mr. Hildreth to an impartial magistrate for a judicial determination of probable cause following his warantless arrest.

60.     At all times relevant herein, Daly, Anton, and the Interrogating Officers acted objectively unreasonably and with malicious intent to deprive Mr. Hildreth of an established constitutional right.

61.     As a result of their actions, Mr. Hildreth has suffered actual damages for which Defendants Daly, Anton, and the Interrogating Officers are liable pursuant to 42 U.S.C. § 1983.

WHEREFORE, Plaintiff, Mr. Hildreth, prays this Honorable Court:

-   Award compensatory damages in favor of Mr. Hildreth and against Daly, Anton, and the Interrogating Officers in an amount to be determined at trial;

-   Award punitive damages;

-   Award reasonable attorney fees pursuant to 42 U.S.C. § 1988; and

-   Award any other relief as justice may require.

## COUNT IV –
## COERCED CONFESSION

62.     Paragraphs 1 through 61 are hereby incorporated by reference.

63.     Daly, Anton, the Interrogating Officers, and the Arresting Officers violated the Fifth and Fourteenth Amendments to the United States Constitution by coercing Mr. Hildreth into signing the Statement when they:

a.   Unlawfully arrested Mr. Hildreth in a manner calculated to cause surprise, fright, and confusion, intending to thereby further their investigation by procuring an incriminating statement from him;

b.   Unlawfully refused to provide Mr. Hildreth his medication or to allow him to be treated by a physician for his condition, except on the condition that he sign the Statement, thereby causing him to unnecessarily experience serious and

distressing physical symptoms and to reasonably fear for his health and safety if he did not sign the Statement; and

c. Unlawfully refused to present Mr. Hildreth to an impartial magistrate until after such time as he had signed the Statement, thereby causing him to reasonably believe he would be held and interrogated indefinitely if he did not sign the Statement.

64. At all times relevant herein, Daly, Anton, the Interrogating Officers, and the Arresting Officers acted objectively unreasonably and with malicious intent to deprive Mr. Hildreth of an established constitutional right.

65. As a result of their actions, Mr. Hildreth has suffered actual damages for which Daly, Anton, the Interrogating Officers, and the Arresting Officers are liable pursuant to 42 U.S.C. § 1983.

WHEREFORE, Plaintiff, Mr. Hildreth, prays this Honorable Court:

- Award compensatory damages in favor of Mr. Hildreth and against Daly, Anton, the Interrogating Officers, and the Arresting Officers in an amount to be determined at trial;

- Award punitive damages;

- Award reasonable attorney fees pursuant to 42 U.S.C. § 1988; and

- Award any other relief as justice may require.

### COUNT V –
### DELIBERATE INDIFFERENCE TO MEDICAL NEEDS

66. Paragraphs 1 through 65 are hereby incorporated by reference.

67. Defendant Wiggins has been and is currently violating the Fifth and Fourteenth Amendments to the United States Constitution by showing deliberate indifference to Mr.

Hildreth's serious medical needs in refusing to provide him access to medication consistent with his prescription.

68.     At all times relevant herein, Wiggins acted objectively unreasonably and with malicious intent to deprive Mr. Hildreth of an established constitutional right.

69.     As a result of Wiggins' actions, Mr. Hildreth has suffered actual damages for which Wiggins is liable pursuant to 42 U.S.C. § 1983.

70.     On information and belief, Wiggins and other Cook County Jail personnel intend to continue to deprive Mr. Hildreth of access to his medication consistent with his prescription unless ordered otherwise.

71.     On information and belief, Mr. Hildreth will suffer immediate and irreparable injury for which monetary damages are inadequate if he continues to be refused access to his medication consistent with his prescription.

WHEREFORE, Plaintiff, Mr. Hildreth, prays this Honorable Court:

- Award compensatory damages in favor of Mr. Hildreth and against Wiggins in an amount to be determined at trial;

- Immediately and permanently enjoin Wiggins and all other Cook County Jail personnel from refusing to provide Mr. Hildreth medication in a manner consistent with his prescriptions;

- Award punitive damages;

- Award reasonable attorney fees pursuant to 42 U.S.C. § 1988; and

- Award any other relief as justice may require.

Respectfully submitted,

Dated:        March 21, 2008

s/Peter N. Moore

Brent R. Austin
Peter N. Moore
WILDMAN, HARROLD, ALLEN & DIXON
225 West Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 201-2000
Facsimile:  (312) 416-4834
Attorneys for Plaintiff, Scott Hildreth

**PROOF OF SERVICE**

The undersigned hereby certifies that on March 21, 2008, he caused the foregoing AMENDED COMPLAINT to be filed with the court's Electronic Case Filing (ECF) system, thereby causing the following parties to be electronically served pursuant to Local Rule 5.9:

        Sarah M Burke
        Assistant States Attorney
        500 Richard J. Daley Center
        Chicago, IL 60602
        smburke@cookcountygov.com
        Attorney for Defendant, Christopher McGuire

                                        s/Peter N. Moore
                                        Peter N. Moore